CLERK'S OFFICE U.S. DIST. COUR
AT ROANOKE, VA
FILED

JUN 25 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| METKEL ALANA, | ) | CASE NO. 7:18CV00420 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER ROSE, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

This matter is before the court on plaintiff's objections to the Report and Recommendations by United States Magistrate Judge Pamela Meade Sargent. The Report recommends denying plaintiff's motion for an emergency transfer, because it is based on plaintiff's alleged mistreatment at Sussex I State Prison, whereas this civil rights lawsuit alleges use of excessive force against plaintiff by officers at Red Onion State Prison. Alana has objected to the Report, providing additional allegations of official harassment at Sussex I.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Id. Alana fails to state any facts connecting the defendants or their conduct as alleged in the complaint, to the harms he seeks to prevent at Sussex I through his current motion. Moreover, the individuals he seeks to enjoin are not defendants in this case and are located at Sussex I, in the Eastern District of Virginia.[1]

---

[1] In his objections, Alana alleges that defendant Harold Clarke, Director of the Virginia Department of Corrections, has orchestrated the harassment at Sussex I. Alana offers no facts to support this frivolous assertion. Accordingly, to the extent that Alana asks the court to order Clarke to transfer Alana, he has failed to demonstrate grounds for the extraordinary relief he seeks. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008) (requiring showing of likelihood of success on underlying claim to warrant preliminary injunctive relief).

For the reasons stated, it is hereby

**ADJUDGED AND ORDERED**

that plaintiff's objections are **OVERRULED**, the Report and Recommendation, ECF No. 54, is **ADOPTED**, and the motion seeking an emergency transfer, ECF No. 52, is **DENIED**.[2]

The clerk will send a copy of this order to plaintiff and to counsel for defendants.

ENTER: This 25th day of June, 2019.

Senior United States District Judge

---

[2] If Alana wishes to take separate legal action concerning the alleged harassment at Sussex I, he may do so by filing a new civil action in the United States District Court for the Eastern District of Virginia, rather than in this court. He must first exhaust available administrative remedies as to each of his claims, however. See 42 U.S.C. § 1997e(a).