**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **METKEL ALANA,** Plaintiff, | Civil Action No. 7:18CV00420 |
| v. | MEMORANDUM OPINION |
| **OFFICER ROSE, et al.,** Defendants. | By: Hon. Glen E. Conrad Senior United States District Judge |

Plaintiff, a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials used excessive force against him on two occasions. Counsel for the remaining defendants now moves for leave to file an amended answer to assert the affirmative defense that plaintiff's claims against two of the defendants are barred by the applicable statute of limitations. After review of the record, the court concludes that the defendants' motion is appropriately granted.

An inmate's § 1983 action is commenced for purposes of the statute of limitations when he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991). The docket indicates that plaintiff, Metkel Alana, delivered his § 1983 complaint to prison authorities for filing on or about June 15, 2018. See Compl. 5, ECF No. 1. The first incident of excessive force alleged in Alana's complaint occurred on May 23, 2015, involving defendants Turner and Meade. The second incident, involving defendant Rose, occurred on June 17, 2016. Virginia's two-year statute of limitations for personal injury actions, Virginia Code Ann. § 8.01-234(A), applies to prisoner civil actions brought pursuant to § 1983. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001) (citing Owens v. Okure, 488 U.S. 235, 239-40 (1989); Wilson v. Garcia, 471 U.S. 261 (1985)). Defendants Turner and Meade wish to file an amended answer to assert an additional

affirmative defense—that Alana's § 1983 claims against them are barred under § 8.01-234(A), because Alana did not file the § 1983 complaint within two years after the May 23, 2015, incident involving these defendants.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once" without leave of court within 21 days of serving its pleading or within 21 days after a motion is served under Rule 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1). The defendants did not meet these deadlines to amend. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Permission to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The defendants' proposed amendment does not appear futile on the face of the amended answer. As indicated, the complaint was filed more than two years after the incident on May 23, 2015, involving defendants Turner and Meade. Thus, these defendants appear to have a valid affirmative defense that Alana's claims against them are time barred under Va. Code Ann. § 8.01-234(A). Based on the current record, the court also cannot find undue delay, bad faith, or dilatory motive by the movants here.

The critical inquiry for the court in a Rule 15(a) amendment situation is whether the proposed amendment will prejudice the nonmoving party in his ability to litigate his case. Davis v. Piper Aircraft Co., 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend."). The court cannot find

that Alana will be prejudiced by the assertion of the limitations defense at this stage of the litigation. Should the defendants move for summary judgment under the statute of limitations as to his claims concerning the 2015 incident, in response thereto, Alana may present whatever evidence and arguments he has against dismissal on that ground, such as equitable tolling or waiver. The mere fact that some of his claims ultimately "may be determined to be barred by the statute of limitations does not amount to prejudice sufficient to defeat an amendment" of the opposing party's answer. National Recovery Agency, Inc. v. AIG Domestic Claims, Inc., 2006 WL 1289545, *3 (M.D. Pa. May 9, 2006); see also Lynam v. Foot First Podiatry Centers, P.C., 919 F. Supp. 1141, 1149 n. 7 (N.D. Ill. 1996) (fact plaintiff will be foreclosed from pursuing her claim if defendant is allowed to amend to assert statute of limitations defense is not the type of prejudice to be considered by the court in ruling on motion to amend). Similarly, the time, effort, and money that the plaintiff has expended in litigating his case to this point do not constitute substantial prejudice in this context. See Block v. First Blood Associates, 988 F.2d 344, 351 (2d Cir. 1993).

For the reasons stated, the court will grant the defendants' motion for leave to file an amended answer. An appropriate order will enter herewith.

The clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER:** This 10th day of January, 2020.

Senior United States District Judge

3