IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **METKEL ALANA,** | ) | CASE NO. 7:18CV00420 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **OFFICER ROSE, ET AL.,** | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Metkel Alana, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that certain prison officers used nonlethal firearm devices to shoot him on two occasions, after which he was charged with fighting.  By opinion and order entered June 8, 2020, the court granted the defendants' motion for summary judgment.  Alana moves for reconsideration of that ruling.  Because Alana's motion reflects that he signed and delivered it to prison officials for mailing on June 26, 2020, within 28 days after entry of the court's final order, the court will consider his motion as arising under Rule 59(e) of the Federal Rules of Civil Procedure.  After review of his current allegations and the record, the court will deny the motion.

"A Rule 59(e) motion may be granted only in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir.2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)).  "It is an extraordinary remedy that should be applied sparingly," and only in "exceptional circumstances." Id.  The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n. 5 (2008) (internal citation and quotation marks omitted).

Alana's excessive force claims concerned events that occurred on May 23, 2015, and June 17, 2016. Alana's § 1983 complaint was not received by the court until June 15, 2018. Section 1983 actions based on events in Virginia must be filed within two years of the date of accrual, see Va. Code Ann. § 8.01-43(A). Therefore, the court dismissed Alana's claims as time barred. Alana claims that he had previously prepared a § 1983 complaint and delivered it to prison officials for mailing to the court in April of 2017. The court never received that complaint. Alana rewrote and refiled his claims in this action in 2018, but the court found no grounds for tolling the limitation period to render the claim about the May 23, 2015 incident timely filed.

Alana argues that under the so-called prisoner mailbox rule, the court must consider his 2018 complaint to have been filed as of the date when he mailed his prior version of that complaint, in April 2017. "The prisoner mailbox rule provides that a notice of appeal is deemed filed on the date it is submitted to prison authorities to forward to the district court as opposed to the date received by the district court." Jones v. United States, 879 F. Supp. 2d 492, 496 n. 1 (E.D.N.C. 2012) (emphasis added), aff'd, 758 F.3d 579 (4th Cir. 2014) (citing Houston v. Lack, 487 U.S. 266, 276, (1988)); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735–36 (4th Cir. 1991) (extending the Houston rule to permit a prisoner civil complaint received late to be considered timely filed for statute of limitations purposes when given to prison officials for mailing). In short, the mailbox rule rescues an inmate from the effects of a late-filed pleading. But the court finds no authority under which the mailbox rule can rescue an inmate when the court never received his pleading, as Alana argues here, concerning his alleged 2017 complaint.

Alana also argues that prison officials showed him only the video clips filmed from the left side of the pod and that he first learned from the court's opinion that the defendants also

submitted video clips filmed from the right side of the pod. The record contradicts this argument, however, as the right pod video clips are mentioned in the defendants' motion itself. If Alana did not view those videos, he could have moved to compel access to them before preparing his response to the defendants' motion.

Finally, Alana argues that his ability to respond to the defendants' motion was stymied by his own lack of legal knowledge and the defendants' refusal to provide him with copies of Defendant Rose's training records. Specifically, Alana claims that if he had known the types of information he could have submitted in response to the summary judgment motion, he would have produced unspecified witness statements and would have used the training records to prove that Rose "intentionally and sadistically" fired at him to cause harm. He asks the court to vacate its ruling to allow him a "fair opportunity to present" his case in opposition. The court, however, finds no respect in which this additional evidence would have altered the court's decision that the defendants were entitled to summary judgment.

For the stated reasons, the court cannot find that Alana is entitled to the extraordinary relief he seeks. He does not point to any intervening change in controlling law, identify any material evidence not previously available, or note any clear error of law that warrants correction. Therefore, the motion to reconsider will be denied. An appropriate order will issue herewith.

**ENTER**: This __11th__ day of August, 2020.

_____
Senior United States District Judge